**Shadeven Jason HARPER,
Petitioner–Appellant,**

v.

**A.K. SCRIBNER, Respondent–Appellee.**

**No. 06–16111.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 13, 2007.[*]

Filed June 25, 2007.

Joseph J. Wiseman, Esq., Law Office of Joseph J. Wiseman, Davis, CA, Davis, CA, for Petitioner–Appellant.

Justain P. Riley, Dag, Mary J. Graves, AGCA–Office of the California, Sacramento, CA, for Respondent–Appellee.

Before: HAWKINS, TASHIMA, and BEA, Circuit Judges.

MEMORANDUM [**]

Shadeven Jason Harper appeals the district court's denial of his petition for writ of habeas corpus. Harper claimed the denial of his motion for continuance during his state trial prevented him from securing testimony from a crucial witness, in violation of his Fourteenth Amendment right to

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

774

due process and his Sixth Amendment right to present a defense. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). We hold that the state trial judge's decision to deny the requested continuance was not contrary to or an unreasonable application of clearly established federal law, 28 U.S.C. § 2254(d), and therefore AFFIRM. Because the facts are known to the parties, we revisit them only as necessary.

Harper's trial counsel waited until the ninth day of trial, in what was supposed to be a five-day trial, to move for the continuance, but was unable to provide the court with a specific amount of time needed to obtain the witness's testimony. Moreover, trial counsel had not exhibited diligence in obtaining the witness's testimony during trial; even if the witness could not come to court, no reason was given why a deposition could not be taken. *See* Cal.Penal Code § 1345. This was not a case of "myopic insistence upon expeditiousness in the face of a justifiable request for delay." *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964). Hence, the trial judge's denial of Harper's motion for continuance was not contrary to or an unreasonable application of federal due process law. *See id.*

Even after the district court in the habeas proceedings granted Harper leave to augment the record with the witness's testimony (and provided funding to help him do so), Harper failed to present such evidence. Thus, Harper has not shown that the witness's testimony would have been helpful to the defense, precluding a finding of prejudice.

The trial judge's denial of continuance was not contrary to or an unreasonable application of federal law on the Sixth Amendment's guarantee of a right to present a defense. The denial of a continuance avoided the inconvenience of an indeterminate delay at trial and did not substantially impact Harper's defense. Harper did present other evidence that already covered what the witness was expected to say.

**AFFIRMED.**